

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,146-01

### EX PARTE JOHNNY R. TITUS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W92-66550-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3
## FROM DALLAS COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance and was sentenced to twenty-five years' imprisonment.

Applicant contends that he is being denied credit for time spent released on parole or mandatory supervision prior to revocation. The trial court recommends dismissing this application on the basis that Applicant has discharged his sentence in this case. However, according to the Texas Department of Criminal Justice's records, Applicant will not discharge his sentence until March 8, 2020.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit should state whether Applicant is serving a sentence for, or has previously been convicted of, an offense which was listed in TEX. GOV'T CODE § 508.149(a) at the time of Applicant's revocation. The affidavit should also address how much time was remaining on this sentence on the date that Applicant was released on parole or mandatory supervision, and how much time Applicant spent on release before the issuance of the parole-revocation warrant. The affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole or mandatory supervision. Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-

(c)[1]. The trial court shall then make findings and conclusions as to whether Applicant is eligible to earn street time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit for that time. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 14, 2018
Do not publish

---

[1] It should be noted that Applicant appears to have been released to parole or mandatory supervision at the time of this order, and that an applicant is not required to exhaust administrative remedies if the applicant is within 180 days of a presumptive release date under Section 501.0081(c) of the Texas Government Code.